**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARIAN L. MERRITT,

    Plaintiff,

vs.                                                                                            CASE NO. 3:08-cv-943-J-12TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act (Doc. #32, Petition), filed June 23, 2010. Plaintiff's counsel requests an award of $3,479.73 in attorney fees and paralegal fees pursuant to the Equal Access to Justice Act (hereinafter referred to as EAJA) (Doc. #32 at 1, 5).[2] At the time of filing the Petition, Plaintiff did not know whether Defendant would object to the sought relief. Defendant's Opposition to Plaintiff's Application for Attorney Fees Pursuant to 28 U.S.C. § 2412 (Doc. #33) was filed on July 6, 2010. Defendant objects to the hourly rate requested for paralegal time and to the request of Plaintiff's counsel that the EAJA fee

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2]The Court notes that this initial fee calculation was mathematically incorrect. Plaintiff's counsel subsequently requested fees of $3,644.03 to account "for an additional hour spent determining whether the Plaintiff owes a debt to the United States and for preparing this Reply" (Doc. #38 at 3 n.1).

award be made payable to her rather than the Plaintiff, in light of the recent Supreme Court decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) (Doc. #33).  Plaintiff's counsel then sought, and was granted, permission to file a reply to Defendant's response.  In the reply (Doc. #38), Plaintiff's counsel asserts Plaintiff does not owe a debt to the government and the requested $65 per hour for paralegal services is reasonable.

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

1. Attorney fees are authorized in this action because Plaintiff, having obtained a sentence for remand/reversal of a denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), and the Commissioner failed to apply the proper legal standards in evaluating the case.  Therefore, the Commissioner's position here was not substantially justified.  Moreover, Plaintiff filed a timely application for attorney fees, Plaintiff expressly states "Plaintiff's net worth at the time this proceeding was filed was less than two million dollars", and there are no special circumstances which would make the award unjust (Doc. #27 at 1).  *See also* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2. The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. § 2412(d)(2)(A).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. § 406(b)(1)(A).  There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $172.88 per hour for services provided in 2008 and $172.25 per hour for services provided in 2009 and 2010 (Doc. #32 at 3, 5). The Court in its discretion has determined that these hourly rates and the resulting fee amount are reasonable when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA.[3]

Plaintiff also seeks an award of fees for paralegal hours expended on this case. The Eleventh Circuit has recognized paralegal time as recoverable under EAJA, but only "to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988) *quoting Allen v. United States Steel Corp.*, 665 F.2d 689, 697

---

[3]The Court arrived at its conclusions after visiting the following website: www.minneapolisfed.org (last visited November 12, 2010). The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available in the future.

(5th Cir. Unit B 1982).   Under EAJA, the amount of fees awarded to non-attorneys shall be "based upon prevailing market rates for the kind and quality of the services furnished. . . ." 28 U.S.C. § 2412(d)(2)(A); *see also Richlin Security Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (finding fees for paralegal services under EAJA are recoverable at prevailing market rates).  Defendant contests the amount of $65.00 per hour for paralegal hours expended on this case, and suggest $60.00 per hour is the appropriate rate (Doc. #33 at 5-8).  The Court, however, finds that $65.00 per hour for paralegal services in this locality is a reasonable rate.  *See e.g., Trotter v. Astrue*, No. 5:08cv318/MCR/EMT, 2010 WL 1383726 (N.D. Fla. Mar. 4, 2010) (in which the court found $65 per hour a reasonable hourly rate for paralegal services in the Panama City, Florida area).  The Court further finds the 2.5 hours of claimed paralegal time is for services typically performed by an attorney and is reasonable in this case.

3. Plaintiff's counsel has requested any awarded EAJA fees be paid directly to her, rather than to Plaintiff (Doc. #32 at 5).  In support of this request, Plaintiff's counsel provided a copy of a document entitled "Assignment of EAJA Fee" (Doc. #32-6).

As bought to the Court's attention by the Defendant, the Court notes the Supreme Court recently held in the case of *Astrue v. Ratliff*, that the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses.  *See also, Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-11 (11th Cir. 1988) (the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA).  The decision of the Eleventh Circuit in *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA

statute. The *Reeves* court succinctly stated the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." *Id.* at 736.

The Supreme Court's ruling in *Ratliff* is also in accord with the precedent within the Eleventh Circuit in finding an award of EAJA attorney fees may be offset by the government where the plaintiff owes pre-existing debts to the United States. *See Astrue v. Ratliff*, 130 S.Ct. at 2524; *also see*, *Reeves v. Astrue*, 526 F.3d at 732 n.3 (finding the EAJA attorney fee award was subject to the plaintiff's debt under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a)), *and see*, 31 C.F.R. § 285.5 (detailing the centralized offset of federal payments to collect nontax debts owed to the United States).

*Ratliff* acknowledges that historically the actual payment of EAJA fees is often directed to the attorney for the prevailing party, and sets forth that such practice may continue where the prevailing plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney. *Astrue v. Ratliff*, 130 S.Ct. at 2528-29. Neither *Panola* nor *Reeves* squarely addresses the payment of EAJA fees directly to counsel when the prevailing plaintiff has assigned his or her interest to the attorney. In the past, this Court has followed the common practice of other courts in our district and directed payment of EAJA fees to counsel when an assignment of benefits was been included with the counsel's petition. *See, e.g., Hagman v. Astrue*, 546 F. Supp. 2d 1294, 1299 (M.D. Fla. 2007) (holding EAJA fees must be paid directly to Plaintiff's attorney when such request is made in the petition)*; Clopper v. Astrue,* No. 3:08-cv-1055-J-TEM, 2010 WL 1911420 (M.D. Fla. May 12, 2010) (granting request for payment of EAJA fees be made directly to

5

attorney in accordance with the plaintiff's assignment of fees); *Williams v. Comm. of Soc. Sec.*, No. 6:07-cv-212-ORL-KRS, 2008 U.S. Dist. LEXIS 31366, at *2-3 (M.D. Fla. Apr. 16, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff); *Stoykor-Adams v. Astrue*, No. 8:06-cv-733-T-TBM, 2008 WL 508198, at *3 (M.D. Fla. Feb. 21, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff).  Such practice, however, admittedly was permitted without the benefit of knowing whether or not the plaintiff as the prevailing party was responsible for debts owed to the government, and thus subject to offset.

Plaintiff's counsel states that she has verified with the United States Treasury that Plaintiff owes no debt to the United States (Doc. #38 at 1).  In light of *Ratliff,* however, this Court finds it a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees.  It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award.  The Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff counsel after a determination that Plaintiff does not owe a federal debt.


4.    Upon due consideration, the Court finds that 21.7 hours were reasonably expended by Plaintiff's attorney in this case and 2.5 paralegal hours were reasonably expended.  Thus, the Court finds $3,471.78  ($172.88 x 3.3 hours; $172.25 x 15.9 hours; $65 x 2.5 hours) is a reasonable amount for attorney / paralegal fees in this case.

5.      Plaintiff was granted *in forma pauperis* status in this action. Consequently, there is no claim for compensable incurred costs.

Accordingly, it is hereby **respectfully recommended:**

1.      Plaintiff's Petition for Attorney Fees (Doc. #33) be **GRANTED** to the extent set forth above.

2.      The Clerk be directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $3,471.78 for attorney / paralegal fees.

**DONE AND ENTERED** at Jacksonville, Florida this 15th day of November, 2010.

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record